IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BANK OF AMERICA, | ) | |
| | ) | |
|     PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:10-cv-735-MEF |
| | ) | |
| GORDHANBHAI C. PATEL, | ) | (WO- Publish) |
| | ) | |
|     DEFENDANT | ) | |

**MEMORANDUM OPINION AND ORDER**

This is an action to collect on a loan from the borrower's guarantor. This cause is presently before the Court on a Motion to Dismiss (Doc. # 4) filed on October 4, 2010 by that guarantor, Gordhanbai Patel ("Patel"). Patel contend that this action is due to be dismissed or transferred to his home state because this Court lacks personal jurisdiction over him. The Court has carefully considered the submissions in support of and in opposition to the motion. For the reasons set forth below, the Court find that the motion is due to be DENIED.

**FACTUAL AND PROCEDURAL BACKGROUND**

Montgomery Hospitality, L.L.C. ("Montgomery Hospitality"), is a limited liability company which owns and operates a hotel property located in Montgomery, Alabama. According to the Articles of Organization for Montgomery Hospitality, Patel is a Member and the Acting Manager of Montgomery Hospitality. Montgomery Hospitality borrowed $3,780,000 from Plaintiff in 2006. Patel executed an irrevocable and unconditional Guaranty of the payment of the obligation as primary obligor of the debt. Montgomery Hospitality

agreed to make monthly payments of $25,453.80. From 2006 until February of 2010, Montgomery Hospitality made the payments. Neither Montgomery Hospitality, nor Patel made the payments due on the loan after February of 2010. On August 11, 2010, Montgomery Hospitality filed its petition for protection under Chapter 11 of the U.S. Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Alabama. Patel signed the petition on behalf of Montgomery Hospitality. On August 30, 2010, Plaintiff filed this action against Patel seeking the amount due under the agreements relating to the loan and the Guaranty.

Patel filed a Motion to Dismiss. He asks this Court to find that it lacks personal jurisdiction over him and to dismiss or transfer the action. Patel admits being a member of Montgomery Hospitality and being designated as its "general manager." He admits that he regularly communicated with an on-site manager of the hotel property Montgomery Hospitality owned and operated via various means and traveled to Alabama no more than twice a year for business purposes relating to Montgomery Hospitality. He also admits executing the Guaranty of the Montgomery Hospitality secured obligation at issue in this action.[1] Nevertheless, he argues these contacts with Alabama are insufficient to support either general or specific personal jurisdiction.

Plaintiff opposes this motion. In addition to the jurisdictional facts Patel admitted,

---

[1] Patel did not submit an affidavit or any other evidence in support of his motion. He relies solely on the allegations of the Complaint and "admission" made by his counsel through statements made in Defendant's Brief Supporting Dismissal (Doc. # 14).

Plaintiff offers evidence that Patel owns membership interests in as many as six Alabama entities, including Montgomery Hospitality and that he signed Montgomery Hospitality's petition for bankruptcy protection in an Alabama bankruptcy court.

### STANDARD FOR DISMISSAL FOR LACK OF PERSONAL JURISDICTION

In the context of a motion to dismiss for lack of personal jurisdiction in which no evidentiary hearing is held, the plaintiff bears the burden of establishing a prima facie case of jurisdiction over the movant, non-resident defendant. *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988) (citations omitted). A prima facie case is established if the plaintiff presents sufficient evidence to defeat a motion for a directed verdict. *Morris*, 843 F.2d at 492. The court must construe the allegations in the complaint as true, to the extent they are uncontroverted by defendant's affidavits or deposition testimony. *Id.* (citations omitted). Moreover, where the evidence presented by the parties' affidavits and deposition testimony conflicts, the court must construe all reasonable inferences in favor of the non-movant plaintiff. *Delong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988).

### DISCUSSION

Patel has moved to dismiss the complaint for lack of personal jurisdiction. Determining personal jurisdiction requires two inquiries. The first step involves determining whether the forum state's long-arm statute provides a basis for jurisdiction. *See Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990). If it does, then

3

the court must determine whether the exercise of personal jurisdiction over the defendants would offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Alabama's long-arm statute provides for the exercise of personal jurisdiction over the defendant for (A) transacting any business in the state, (B) contracting to supply goods or services in the state, (C) causing tortious injury or damage by an act or omission in the state; (D) causing tortious injury by an act or omission outside the state while doing regular business in the state, (E) causing injury or damage in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when the person might reasonably have expected such other person to use, consume, or be affected by the goods in this state, provided that the person also regularly does business in the state (F) having an interest in real property in the state, (G) contracting to insure any person, property, or risk located within this state at the time of contracting, (H) living in the marital relationship within this state notwithstanding subsequent departure from this state, as to particular obligations, if the other party to the marital relationship continues to reside in the state, or (I) otherwise having sufficient minimum contacts such that it is fair and reasonable to require defense of suit in the state. Ala. R. Civ. P. 4.2(a)(2).

Plaintiff argues that factors (A), (D) and (I) of the Alabama statute are met. Jurisdiction of Alabama courts reaches the full extent permissible under the due process clause of the Fourteenth Amendment. *See Alabama Waterproofing Co., Inc. v. Hanby*, 431

So. 2d 141, 145 (Ala.1983); *see also Olivier v. Merritt Dredging Co., Inc.*, 979 F.2d 827, 830 (11th Cir. 1992). The court will, therefore, turn to factor (I) to determine whether the exercise of in personam jurisdiction in this case satisfies due process. In personam jurisdiction complies with due process when (1) the nonresident defendant has purposefully established minimum contacts with the forum state, and (2) the exercise of jurisdiction will not offend traditional notions of fair play and substantial justice. *Olivier*, 979 F.2d at 830-31.

There are two types of personal jurisdiction: specific and general. Specific personal jurisdiction is founded on a party's contacts with the forum state that are related to the cause of action. *Helicopteros Nacionales de Colombia, N.A. v. Hall*, 466 U.S. 408, 414 n.8 & 9 (1984). General personal jurisdiction arises from a party's contacts with the forum state that are unrelated to the litigation. *Id.*

Plaintiff has shown that Patel has extensive interest in various entities operating businesses around Alabama. Moreover, Patel and others invoked the benefits and protections of Alabama law by forming Montgomery Hospitality under the Alabama Limited Liability Act. Since the formation of Montgomery Hospitality Patel has regularly maintained a variety of contacts with Alabama relating to managing Montgomery Hospitality's operation of a hotel in Montgomery, Alabama. Patel regularly communicated with the on-site manager in Montgomery via telephone, facsimile, and other electronic communications. He regularly traveled to Alabama on business relating to Montgomery Hospitality's affairs over a period of several years. Patel was no incidental guarantor of Montgomery Hospitality's debts to a

5

third party, rather he was an active manager who personally engaged in ongoing business transactions relating to Montgomery Hospitality's business affairs. Moreover, the Guaranty Patel signed relating to the loan to Montgomery Hospitality contained a choice of law provision which specified that the Guaranty would be governed by Alabama law. Such a clause makes it evident that Patel should have foreseen that he could have been hailed into court in Alabama relating to his obligations under that Guaranty

To constitute minimum contacts for purposes of specific jurisdiction, a defendant's contacts with the applicable forum must satisfy three criteria: first, the contacts must be related to the plaintiff's cause of action or have given rise to it; second, the contacts must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum, thus invoking the benefits and protections of its laws; and third, the contacts must be such that the defendant should reasonably anticipate being haled into court in the forum. *See Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534, 1546 (11th Cir.1993), *cert. denied*, 508 U.S. 907 (1993). Based on the record before the Court, it is compelled to find that Patel engaged in sufficient acts to constitute minimum contacts with the State of Alabama for purposes of specific jurisdiction. Indeed, the Court also suspects that Patel is subject to general jurisdiction in Alabama given the extent of his business activities here.

Having found the existence of such minimum contacts, the Court also must determine whether exercise of jurisdiction over Patel complies with traditional notions of fair play and

substantial justice, the second aspect of jurisdictional due process.  The factors entering into an analysis of the fairness of jurisdiction over a given defendant include, among others, the burdens imposed on that defendant, the interests of the forum state in the ability of the plaintiffs to maintain suit therein, and the plaintiff's interest in obtaining relief.  *Asahi Metal Indus. Co., Ltd. v. Superior Ct. of Cal., Solano County*, 480 U.S. 102, 113 (1987).  However, "[w]hen minimum contacts have been established, often the interests of the plaintiff and the forum will justify even the serious burdens placed on the alien defendant."  *Id.*  While the Court is cognizant that litigation in Alabama would be less convenient for Patel, than litigation elsewhere, the Court cannot say that exercise of jurisdiction over Patel in this case would fail to comply with traditional notions of fair play and substantial justice.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss is DENIED.

DONE this the 7th day of December, 2010.

        /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE